D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHIROIDE SIMS,

                    Plaintiff,

      -against-

SECURUSTECH.NET CONNECTION,
SECURUSTECH.NET CORRECTIONAL BILLING
SERVICE, SUFFOLK COUNTY CORRECTIONAL
FACILITY, VINCENT F. DEMARCO,
Suffolk County Sheriff, CHARLES EWALD, Warden,

                    Defendants.
------------------------------------------------------------X

**ORDER**
13-CV-5190(SJF)(GRB)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ APR 08 2014 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

On September 12, 2013, *pro se* plaintiff Shiroide Sims ("plaintiff") filed a civil rights complaint pursuant to 28 U.S.C. § 1983 ("Section 1983") against SecurusTech.net, the Suffolk County Correctional Facility (the "Suffolk Jail"), Suffolk County Sheriff Vincent F. DeMarco ("Sheriff DeMarco") and Suffolk Jail Warden Charles Ewald ("Warden Ewald") (collectively, "defendants") seeking to challenge the conditions of his confinement at the Suffolk Jail, accompanied by an application to proceed *in forma pauperis*. Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Accordingly, the application to proceed *in forma pauperis* is granted. However, for the reasons that follow, the complaint is *sua sponte* dismissed for failure to allege a plausible claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

I. The Complaint

Plaintiff alleges in his brief handwritten complaint[1] that he has been denied adequate access to telephone service during his incarceration at the Suffolk Jail as a pre-trial detainee. As a result, plaintiff seeks to recover damages totaling fourteen million dollars ($14,000,000.00).[2] Plaintiff's "Statement of Claim" alleges, in its entirety:[3]

> 1. Eighth Amendment Rights violation in adequate communication with the outside world: In that, when using the phone to contact family, loved ones and to handle personal affairs, as well as to contact your attorney's or the Courts; SecurusTech.Net has many "drop calls;" where its $1.95 for a connection and $.20 each additional minute; if you spoke to any attorney for two (2) minute's and the call is dropped; that's $3.55; And SecuruTech.Net AND Suffolk County Refuse to Reimburse those funds, Blaming it on each other.
>
> 2. Pre-Trial Detainee's, And the like, can not prepare an adequate defense due to: the system may hang up due to a noisy background (stating no 3rd party calls) when there are none.
>
> 3. Expenses of striving to buy phone time is "outrageous" on both ends; It's $5.00 for 10 or 15 minutes; in the local area, Attorney's or family when in the same state with an area code outside of 516 or 631, has to pay $10.00 with an account and $14 to $20.00 with credit cards.

---

[1] The allegations set forth in plaintiff's complaint are presumed to be true for purposes of this opinion. *See, e.g., Malcolm v. Honeoye Falls Lima Cent. Sch. Dist., et al.*, 517 F. App'x 11, 12 (2d Cir. Apr. 1, 2013) (in reviewing a *pro se* case for *sua sponte* dismissal, a court should assume that all allegations contained in the complaint are true).

[2] Specifically, plaintiff seeks five million dollars ($5,000,000.00) in compensatory damages, three million dollars ($3,000,000.00) in "monetary damages," three million dollars ($3,000,000.00) in punitive damages, and three million dollars ($3,000,000.00) for "Constitutional damage/injury". (Compl. at 6-7).

[3] The "Statement of Claim" is reproduced here exactly as it appears in the Complaint. Errors in spelling, grammar, and punctuation in the "Statement of Claim," and other excerpts from the Complaint, have not been changed or noted.

> 4. Most Attorney's don't write nor visit pre trial detainee's and would rather speak to the defendant's by phone yet it's impossible to do so with such system.

(Compl. at 5-6). As a result, plaintiff claims that pre-trial detainees are "[u]nable to fight or defend there criminal case's due to malicious intent to keep detainee's out of communication," and that he has suffered "psychological trama, induced by the improper, inadequate excercise of the SecurusTech.Net phone system and S.C.C.F's limitation's of communication." (*Id.* at 6). In addition to plaintiff's fourteen million dollar ($14,000,000.00) demand, plaintiff requests that "Suffolk County Correctional Facility find and fund a better; cheaper phone system, that [is] Affordable for Both inmate's who choose to buy their own phone minute's; and for Family, love ones, and legal counsels to buy minute's at their end of the phone . . . ." (*Id.* at 7).

II. Discussion

A. Standard of Review

Under both the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they suggest." *Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013)

3

(internal quotation marks and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 33 (2d Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557); *accord Pension Benefit Guar. Corp. ex rel. Saint Vincent Catholic Med. Ctr. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868; *see also In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 180 (2d Cir. 2013).

B.  Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 132 S.Ct.

4

1657, 1661, 182 L.Ed.2d 662 (2012). Thus, to state a Section 1983 claim, a plaintiff must allege: (1) that the challenged conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States," and (2) that such challenged conduct was "committed by a person acting under color of state law." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Rehberg v. Paulk*, 132 S.Ct. 1497, 1501-02, 182 L.Ed.2d 593 (2012). Section 1983 does not create any independent substantive right; rather it is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

Plaintiff seeks to allege that the conditions of his confinement at the Suffolk Jail violate the Eighth Amendment because the telephone system is too expensive and of poor quality. However, given plaintiff's allegation that he is a pre-trial detainee, his claim would instead arise under the Due Process Clause of the Fourteenth Amendment, and not the Eighth Amendment. "[T]he standard for deliberate indifference is the same under the Due Process Clause of the Fourteenth Amendment [or Fifth Amendment] as it is under the Eighth Amendment." *Caiozzo v. Koreman*, 581 F.3d 63, 70-71 (2d Cir. 2009); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000). Therefore, plaintiff's conditions of confinement claim are analyzed under the same framework regardless of the particular amendment he alleges was violated by the defendants.

1. Deprivation of a Constitutional Right

The facts set forth in plaintiff's complaint do not allege the deprivation of any constitutional right. Insofar as plaintiff generally claims that his communication with family, loved ones and counsel is hindered by the quality and expense of the telephone system, such allegations do not invoke constitutional protection. *See, e.g., Shariff v. Coombe*, 655 F. Supp. 2d 274, 301 (S.D.N.Y. 2009) (dismissing Eighth Amendment claim because "inaccessibility of

telephones . . . [is] not the kind of deprivation[] that ha[s] denied Plaintiffs a basic human need"); *United States v. Footman*, 215 F.3d 145, 155 (1st Cir. 2000) ("Prisoners have no *per se* constitutional right to use a telephone . . ."); *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) ("There is no authority for the proposition that prisoners are entitled to a specific rate for their telephone calls."). Plaintiff may still communicate with his family, loved ones, and counsel through the mail or during visitation. Thus, plaintiff has failed to allege a cognizable constitutional claim. *See Whitenack v. Armor Medical*, No. 13-CV-2071, 2013 WL 2356110, at *4 (E.D.N.Y. May 28, 2013) (*sua sponte* dismissing prisoner's section 1983 suit alleging, *inter alia*, that use of the prison telephones is overpriced because inmate had alternate means of communicating with the outside world by mail) (citation omitted).

Nor does plaintiff's assertion that "pre-trial [d]etainee's [sic] . . . can not [sic] prepare an adequate defense due to . . . [t]he [phone] system may hang up" allege a cognizable constitutional claim. (Compl. at 5). To state a First Amendment claim of denial of access to the courts,[1] a plaintiff must assert non-conclusory allegations demonstrating, *inter alia*, that the plaintiff suffered an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 353-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). To establish an "actual injury," plaintiff must show that "the defendant's conduct frustrated the plaintiff's efforts to pursue a non-frivolous claim." *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citation omitted). Plaintiff's complaint fails to allege any facts to support a reasonable inference that the quality and cost of the telephone service provided at the Suffolk Jail frustrated plaintiff's efforts to pursue a non-frivolous legal claim. Thus, plaintiff has not alleged a plausible First Amendment claim of denial of access to the courts.

---

[1] Though plaintiff's complaint only alleges an Eighth Amendment claim, the Court liberally construes plaintiff's complaint to also allege a First Amendment claim of denial of access to the courts. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (pro se complaint "must be construed liberally to raise the strongest arguments [it] suggest[s]" (internal quotation marks and citation omitted)).

2. Acting Under Color of State Law

a. Suffolk Jail

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (citations omitted). The Suffolk Jail is an administrative arm of the County of Suffolk, and thus, lacks capacity to be sued. *See McKoy v. Suffolk County Corr.*, 14-CV-0249, 2014 WL 824516, at *2 (E.D.N.Y. Mar. 3, 2014) (dismissing claims against Suffolk County Jail "because the Jail has no legal identity separate and apart from Suffolk County"); *Fofana v. Suffolk Cnty. Corr. Facility*, 13-CV-0443, 2013 WL 2285753, *3 (E.D.N.Y. May 20, 2013) (dismissing claims against the Suffolk County Jail because it is an "administrative arm of the County of Suffolk [and] lacks the capacity to be sued."). Accordingly, plaintiff's Section 1983 claim against the Suffolk Jail is not plausible and is hereby dismissed.

b. Sheriff DeMarco and Warden Ewald

A Section 1983 claim must allege the personal involvement of any individual defendant in the purported constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013); *Grullon v. City of New Haven*, 720 F.3d 133, 138-39 (2d Cir. 2013). "Personal involvement" may be established by evidence of direct participation in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 753

7

(2d Cir. 2003); *see also Grullon*, 720 F.3d at 139. "An individual cannot be held liable for damages under § 1983 'merely because he held a high position of authority.'" *Back v. Hastings on Hudson Union Free School Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (quoting *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)). A complaint based upon a violation under Section 1983 that does not allege facts establishing the personal involvement of an individual defendant fails as a matter of law. *See Costello v. City of Burlington*, 632 F.3d 41, 48-49 (2d Cir. 2011).

Plaintiff has not alleged any conduct attributable to Sheriff DeMarco or Warden Ewald and seeks to impose liability on them only because of the supervisory positions they hold. Even upon a liberal construction, plaintiff's complaint is devoid of any factual allegations to demonstrate personal involvement by Sheriff DeMarco and/or Warden Ewald regarding the cost and operation of the telephone services available at the Suffolk Jail. Thus, plaintiff has not alleged a plausible claim against Sheriff DeMarco or Warden Ewald as a matter of law. Accordingly, plaintiff's claims against these defendants are dismissed.

### c. Claim Against SecurusTech.net

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (citation and internal quotation marks omitted). "A plaintiff pressing a claim of violation of his constitutional rights under Section 1983 is . . . required to show state action." *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012). SecurusTech.net is a private entity, not a state actor. *See Whitaker v. Director*, No. 9:11-

CV-68, 2013 WL 2318889, at *13, *15 (E.D. Tex. May 27, 2013) ("[N]either Securus nor its employees are amenable to suit under 42 U.S.C. § 1983" because Securus is not a state actor.).[4]

Although Securustech.net is a private entity, "state action may be found [] if there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)). However, "a private entity does not become a state actor for purposes of Section 1983 merely on the basis of the private entity's creation, funding, licensing, or regulation by the government." *Fabrikant*, 691 F.3d at 207 (internal quotation marks and citation omitted).

Its public contract with the Suffolk Jail does not render SecurusTech.net a "state actor" or to be "acting under color of state law" for purposes of Section 1983. *See, e.g., Rendell-Baker v. Kohn*, 457 U.S. 830, 841, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982) ("Acts of . . . private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."); *Phelan ex rel. Phelan v. Torres*, 843 F. Supp. 2d 259, 273 (E.D.N.Y. 2011) ("The fact that the state may contract with a private party to perform a function does not [necessarily] transform the private party into a state actor."), *aff'd*, 512 F. App'x 88 (2d Cir. 2013); *Iswed v. Caruso*, No. 08-cv-1118, 2009 WL 4251076, at *6 (W.D. Mich. Nov. 24, 2009) ("[T]he fact that telephone companies are subject to substantial

---

[4] The Court notes that the website for SecurusTech.net describes it as "the premier provider of innovative communication solutions for the corrections industry" and that it "install[s] and centrally manage[s] state-of-the-art call management and communication systems for use by correctional facilities." *See* https://securustech.net (last visited on April 4, 2014). Further, the site details Securus' history since its inception in 1986 including the acquisition of all common stock in the company, then-named T-Netix, by a private equity firm in 2004 to form Securus Technologies, Inc. *Id.*

governmental regulation does not convert their actions into that of the state." (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974))).[2] Thus, plaintiff's Section 1983 claim against SecurusTech.net is not plausible and is dismissed.

C. Physical Injury Under the PLRA

Section 1997e of the PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[I]n the [PLRA], Congress has placed a series of controls on prisoner suits, constraints designed to prevent sportive filings in federal court." *Skinner v. Switzer*, 131 S.Ct. 1289, 1299, 179 L.Ed.2d 233 (2011); *see also Ortiz v. McBride*, 380 F.3d 649, 658 (2d Cir. 2004) ("[T]he purpose of the PLRA . . . was plainly to curtail what Congress perceived to be inmate abuses of the judicial process."); *Harris v. City of N.Y.*, 607 F.3d 18, 23 (2d Cir. 2010) ("[A]lthough one of the PLRA's goals was protection of the corrections system . . . , an equally compelling purpose of the statute was to give district courts greater power to protect their dockets from meritless lawsuits."). "[A] plaintiff cannot recover damages for mental or emotional injury for a constitutional violation in the absence of a showing of actual physical injury." *Thompson v. Carter*, 284 F.3d 411, 417 (2d Cir. 2002).

---

[2] *See also Streater v. Thaler*, No. 11cv68, 2012 WL 3308109, at *14 (E.D. Tex. July 2, 2012) (holding that Securus's contract with the Texas Department of Criminal Justice to provide telephone services to prisoners does not make it a state actor under Section 1983); *Wofford v. Pub. Commc'n Servs.*, No. 11-CV-1884, 2012 WL 550134, at * 3 (E.D. Mo. Feb. 19, 2012) (holding that plaintiff's allegations that Public Communications Services is an inmate telephone service provider under "contract" with the Missouri Department of Corrections did not establish it was a "state actor" under Section 1983); *Iswed*, 2009 WL 4251076, at *3 ("The fact that Embarq may contract with the state for delivery of telephone services does not render it a 'state actor' for purposes of Section 1983."); *Evans v. Skolnik*, No. 08-cv-00353, 2009 WL 3763041, at * 5 (D. Nev. Nov. 5, 2009) (finding that Global Tel, and other similar private telephone companies, were not state actors and, thus, were not amenable to suit under Section 1983).

10

Plaintiff has not alleged any physical injury, and thus, his claims for damages are barred by the PLRA. *See e.g., Fofana*, 2013 WL 2285753, at *6 (citing *Fincher v. City of N.Y.*, No. 09 Civ. 10318, 2010 WL3719236, at *1 (S.D.N.Y. Sept. 20, 2010)); *Greene v. D.O.C.*, No. 10 Civ. 5344, 2012 WL 694031, at *3 (S.D.N.Y. Mar. 5, 2012) ("Cases asserting emotional harm, unaccompanied by a claim of physical harm, are routinely dismissed."). Accordingly, plaintiff's claims for damages are dismissed pursuant to 42 U.S.C. § 1997e(e). *See Thompson*, 284 F.3d at 419 (noting district court may dismiss claims seeking "damages solely for an emotional injury without any claim of physical injury").

### D. Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that a party shall be given leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 229, 9 L.Ed.2d 222 (1962). "Leave to amend, though liberally granted, may be properly denied for: 'undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman*, 371 U.S. at 182).

The Court has carefully considered whether plaintiff should be given an opportunity to amend his complaint. The facts set forth in the complaint do not allege the deprivation of any constitutional right. Consequently, because the deficiencies noted above are substantive in nature and would not be remedied if plaintiff were afforded an opportunity to amend his complaint, leave to amend is denied.

III. Conclusion

For the foregoing reasons, the application to proceed *in forma pauperis* is granted. However, because plaintiff has not alleged a plausible claim against any defendant, the complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Clerk of Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

**SO ORDERED.**

                                    s/ Sandra J. Feuerstein

                                    Sandra J. Feuerstein
                                    United States District Judge

Dated: April 8, 2014
       Central Islip, New Islip, NY